IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WINFIELD SOLUTIONS, LLC,

    Plaintiff,

v.

W S AG CENTER, INC., W. KENT GANSKE
and JULIE L. GANSKE,

    Defendants.

ORDER

17-cv-942-slc

On April 29, 2019, this court granted summary judgment to plaintiff Winfield Solutions, LLC, finding that Winfield was entitled to an award against defendants of more than $1 million in unpaid invoices and late payment fees for agricultural product delivered to and accepted by defendant W S Ag Center, Inc. Dkt. 34. Pursuant to the court's request, on May 2, 2019, Winfield submitted a proposed judgment and asked the court to enter judgment against defendants, jointly and severally, for amounts specified in the judgment. Dkt. 36.

On May 10, 2019, defendants filed a brief, along with a new affidavit from W. Kent Ganske, raising two objections to plaintiff's proposed judgment: (1) a "fact issue" exists concerning whether Ganske was told by Winfield that it would "credit" against his debt the $307,667 Ganske has in his base capital accounts with Winfield; and (2) Winfield committed a number of mathematical errors in calculating the amount due. Dkts. 39, 40. On May 13, 2019, Winfield filed a reply in which it acknowledged that it had miscalculated the daily late charge, agreeing with defendants that the daily amount should be $536.22, not $550.27. Dkt. 41. However, it disagreed that it had committed any other calculation errors or that Ganske's affidavit raising new fact issues was properly before the court.

In response, defendants moved to strike on the ground that Winfield's reply was unsolicited; in the alternative, they argued that Winfield's concession that it erred in its initial calculations warranted reopening the summary judgment proceedings. Dkt. 42. Defendants' motion to strike and plaintiff's motion for entry of judgment are under advisal to the court.

Defendant's motion to strike the reply brief is denied. Had Winfield not submitted a reply, this court likely would have asked for one, given the various calculation errors alleged by defendants. Winfield conceded that it had erroneously included a late charge for an invoice that had a zero balance, and it revised the proposed judgment to reflect the new calculations. This was a proper reply.

Defendants' request that the court reconsider its summary judgment ruling is denied. Their suggestion that one of Winfield's affiants materially changed his testimony when he revised his late fee calculation borders on the ridiculous. As for W. Kent Ganske's newfound ability to remember the name of the person from United Suppliers, Inc. who told him that he could access the funds in his capital accounts at any time, his opportunity to "put up or shut up" was at summary judgment. *See Nichols v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 509 F. Supp. 2d 752, 760 (W.D. Wis. 2007) ("[S]ummary judgment is 'not a dress rehearsal or practice run,' but the 'put up or shut up moment' in which a proponent of facts must show what evidence it has to convince a trier of fact to accept its version of events.") (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). Ganske had more than a year between the filing of the complaint and the time his response to the summary judgment motion was due; with any amount of diligence, he could have figured out this person's name long before now. Moreover, Ganske has never attempted to make the unlikely showing that he could establish the other

elements of a misrepresentation claim, namely, that he was justified in relying on United's alleged misstatement about the base capital accounts, which is plainly inconsistent with the co-op's bylaws. In short, Ganske's Hail Mary attempt to prevent entry of judgment against him is too little and too late.

Finally, with the exception of defendants' objection to the daily late charge, defendants' objections to plaintiff's calculations are rejected for the reasons stated in plaintiff's reply brief, dkt. 41, at 2-3.

ORDER

IT IS ORDERED that:

1. Defendants' motion to strike, dkt. 42, is DENIED.

2. Plaintiff's motion for entry of judgment, dkt. 36, is GRANTED. The clerk of court is directed to enter judgment reflecting that Plaintiff Winfield Solutions, LLC is awarded a money judgment against Defendants W S Ag Center, Inc., W. Kent Ganske and Julie L. Ganske, jointly and severally, for the following amounts:

| | |
|---|---|
| Principal Amount of Debt | $1,087,332.83 |
| Late Charges to May 17, 2019 | $ 437,128.32 |
| Total | $1,524,461.15 |

Entered this 17th day of May, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge