IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WINFIELD SOLUTIONS, LLC,

          Plaintiff,

v.

W S AG CENTER, INC., W. KENT GANSKE
and JULIE L. GANSKE,

          Defendants.

OPINION AND ORDER

17-cv-942-slc

---

Before the court are two motions: (1) Winfield Solutions, LLC's motion to compel WS AG Center, Inc. to answer post-judgment discovery requests seeking information to help Winfield determine whether corporate assets remain which may be used to satisfy the judgment in this case, dkt. 77; and (2) a stipulation for withdrawal of counsel filed by WSAG's attorney of record, Claire Ann Richman, dkt. 80, which was filed the same day she filed a brief on WSAG's behalf opposing the motion to compel, dkt. 81.

The motion to compel will be granted. WSAG objects on the ground that Winfield's Rule 34 requests are procedurally improper, but it is WSAG that has no leg to stand on. Rule 69 of the Federal Rules of Civil Procedure provides that a judgment creditor may, "[i]n aid of the judgment" or its execution, "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." The Advisory Committee Note to the 1970 Amendment to Rule 69 states: "The amendment assures that, in aid of execution on a judgment, all discovery procedures provided in the rules are available[.]" The cases cited in WSAG brief are no longer good law, which some cursory cite-checking would have revealed. In fact, as explained in the Advisory Committee Note, Rule 69 was amended in response to those cases. Winfield's Rule 34 Request for Production of

Documents was entirely proper, and WSAG must respond to it. Further, having failed to provide a written response to the discovery requests within 30 days of being served, and having raised only a procedural objection before this court, WSAG has waived all other objections to the discovery requests. It must answer them fully within one month of this order.

As for Attorney Richman's request to withdraw, it is denied at this time. I recognize that WSAG wishes to terminate her representation and may lack the funds to pay her. However, SCR 20:1.16(c) states:

> A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

So far as it appears, WSAG does not intend to hire successor counsel. Thus, because a corporation is not permitted to litigate in federal court absent counsel, *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008), granting Attorney Richman's motion would permit WSAG to evade its responsibility to comply with the pending discovery requests and thwart Winfield's ongoing effort to collect on the judgment. The court is not going to allow this. Attorney Richman may renew her request to withdraw after WSAG complies fully with Winfield's outstanding discovery requests; the court will consider the motion given the totality of circumstances at that time.

ORDER

IT IS ORDERED that:

1. Winfield Solutions, LLC's motion to compel WS Ag Center, Inc. to provide written responses and documents in response to Winfield's June 29 Post-Judgment Request for Production of Documents, dkt. 77, is GRANTED. WSAG must provide full, complete responses to those discovery requests not later than October 26, 2020; and

2. Attorney Claire Ann Richman's motion to withdraw as counsel for WSAG, dkt. 80, is DENIED at this time.

Entered this 24th day of September, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge